IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INNOVATION MARKETING AND CONSULTING, LLC, SIX DEGREES MARKETING, LLC, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) ) |
| HORIZON WHOLESALE, LLC, ZENERGY BRANDS, LLC, DANIEL M. BOWLES, DON JESSOP JOHN DOES 1-10, | ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.:
1:15-cv-3212-ELR

**DEFENDANT ZENERGY BRANDS, LLC'S MOTION TO DISMISS**

Defendant Zenergy Brands, LLC ("Zenergy") moves this Court to dismiss the present action, pursuant to Federal Rule of Civil Procedure 12(b)(2), because this Court lacks personal jurisdiction over Zenergy.

**Background**

Zenergy is a limited liability company organized under the laws of the State of Wyoming. Jessop Dec. ¶ 4. Plaintiff is a resident of this judicial district and that is why Plaintiff filed this lawsuit here.

Although formed in 2013, Zenergy has yet to become operational. Jessop Dec. ¶ 5. Zenergy has never received any revenue; it has not sold anything, offered to sell anything, or owned anything it could sell. Jessop Dec. ¶ 9. Zenergy does not transact business and does not have any employees, products, bank accounts, or personal or real property in the State of Georgia or any other state. Jessop Dec. ¶¶ 5-13. Zenergy does no marketing and does not use a website.[1] Jessop Dec. ¶¶ 5-13. Zenergy's usefulness as a company depends wholly on the outcome of this litigation because its business depends on its ability to sell products using the trademarks SUPERWANG and ZENERGY. Jessop Dec. ¶¶ 5-13. Those trademarks are the subject of a dispute between the parties. Since there is a cloud hovering above the trademarks, Zenergy has not commenced any business.

---

[1] While Zenergy does not have a website, Defendant Horizon Wholesale, LLC does have two, one located at zenergyvibe.com and the other at zenrgvibe.com. Defendant Zenergy brings this to the Court's attention to avoid confusion as to ownership of these two websites, both of which are owned and operated by Horizon Wholesale, LLC.

As to personal jurisdiction, Plaintiffs only recite the Georgia Long Arm Statute without providing any factual support[2] for their assertion of jurisdiction in this state. Specifically, Plaintiffs state: "[t]his Court may exercise personal jurisdiction over the Defendants pursuant to O.C.G.A. § 9-10-91 because one or more of the Defendants are (1) doing business in this judicial district, (2) have committed tortious acts within this judicial district and/or (3) have committed a tortious injury in this state caused by an act or omission outside this state and the Defendants regularly do business in this judicial district…" (Compl. at ¶ 13). Yet, Plaintiffs do not provide facts in support of this general recitation of the statute.

Plaintiffs' fail to allege facts supporting this Court's exercise of personal jurisdiction over Zenergy because, in reality, there are no grounds for this Court to assert personal jurisdiction over Zenergy, since Zenergy has never conducted any business at all. Further, Defendants' alleged wrongful conduct is entirely limited to

---

[2] Zenergy also believes that *Tombly* and *Iqbal* call for dismissal of the Complaint against Zenergy since the Complaint fails to assert any fact relative to Zenergy to support the personal jurisdiction allegation. In *Palnik v. Westlake Entertainment, Inc.*, 344 Fed. App'x 249 (6th Cir. 2009), the United States Court of Appeals for the Sixth Circuit affirmed a district court's dismissal on 12(b)(2) personal jurisdiction grounds, specifically noting that when "a court decides a motion to dismiss for lack of personal jurisdiction . . . the complaint must have established with reasonable particularity those specific facts that support jurisdiction." Id. at 251 (citing Twombly, 550 U.S. at 567).

actions occurring, if at all, in the States of Utah and Arizona and do not expose Defendants to personal jurisdiction in Georgia

## Standard of Proof

**A. Plaintiff Has The Burden of Proof**

On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir.2006) (*citing Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir.2002)); *Goforit Entm't LLC v. Digimedia.com L.P.*, 513 F.Supp.2d 1325, 1328 (M.D.Fla.2007). *See also Oldfield v. Pueblo De Bahia Lora*, S.A., 558 F.3d 1210, 1217 (11th Cir.2009) ("It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present."). "A prima facie case [of personal jurisdiction] is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Stubbs*, 447 F.3d at 1360 (*citing Meier*, 288 F.3d at 1269).

"Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Diamond Crystal Brands, Inc. v. Food*

*Movers Int'l*, 593 F.3d 1249, 1257 (l1th Cir. 2010) (citations and quotations omitted); *see also Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1369 (N.D. Ga. 2009); *Hi-Tech Pharmaceuticals, Inc. v. Demelo*, 2009 WL 901156, at *2 (ND. Ga. Mar. 31, 2009).

Thus, as Zenergy has moved to dismiss for lack of personal jurisdiction and has provided evidence (the Affidavit of Don Jessup), the burden shifts to Plaintiffs to prove that the exercise of personal jurisdiction over Zenergy complies with Georgia's Long-Arm Statute and the Due Process Clause of the Fourteenth Amendment. This is a burden that Plaintiffs cannot meet.

**B. Determination of Personal Jurisdiction**

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts." *Alexander Proudfoot Co. World Headquarters v. Thyayer,* 877 F.29 912, 919 (11th Cir. 1989). First, courts must look at the state long-arm statute and then determine "whether or not sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *Id.* "Only if both prongs of the analysis are satisfied may a federal . . . court exercise personal jurisdiction over a nonresident defendant." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir, 1990).

Additionally, to be subject to jurisdiction a defendant must be found to have "deliberately … engaged in significant activities within a State or … created continuing obligations between himself and residents of the forum, [and that] he manifestly has availed himself of the privilege of conducting business there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). "This purposeful availment requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, of the unilateral activity of another party or a third person." *Id.* at 475. Accordingly, the out-of-state defendant must "purposefully direct" its conduct towards residents of the forum state to be subject to its jurisdiction. *Id.*

<u>i. The Georgia Long-Arm Statute</u>

The Georgia long-arm statute provides for the exercise of personal jurisdiction by the state's courts over a nonresident who:

> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state ... ;
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state ...

O.C.G.A. § 9-10-91(1)-(3).

Also, "the Georgia long-arm statute confers personal jurisdiction over nonresident to the maximum extent permitted by due process". *Imageline Inc. v. Fotalia LLC*, 663 F.Supp.2d 1367 (2009) (*citing HTL Sp. Z O.O. v. Nissho Corp.*, 245 Ga.App. 625, 538 S.E.2d 525, 527 (2000)). *See also Nippon Credit Bank Ltd. V. Matthews*, 291 F.3d 738, 746 (11th Cir. 2002).

Since "Georgia's long-arm statute is thus coextensive with the constitutional requirements of due process, 'the state law and due process analyses collapse into a single inquiry.'" *Imageline Inc.*, 663 F.Supp.2d at 1373 (*citing Butler v. Beer Across America*, 83 F.Supp.2d 1261, 1266 (N.D.Ala.2000)).

<u>ii. Due Process</u>

Due process requires that a nonresident defendant establish "certain minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A nonresident's contacts with the forum state can give rise to either general or specific personal jurisdiction. *Id*. at 414. "Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of

action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id.* at 1292.

Here, it is apparent from the face of the Complaint that Plaintiff cannot establish a basis for personal jurisdiction. Moreover, there are no facts that in any way suggest that jurisdiction is proper over Zenergy.

## Argument

**A. The Court Lacks Personal Jurisdiction Pursuant to Georgia's Long Arm Statute.**

This Court does not have personal jurisdiction over Zenergy under Georgia's Long Arm Statute, and nothing in the Complaint, even if taken as true, would show otherwise. There are no contrary facts to distinguish or harmonize. Simply stated, Zenergy does not "transact any business within the state" since Zenergy does not transact any business at all. *See* O.C.G.A. § 9-10-9(1). *See also* Jessop Dec. at ¶¶ 5-13. Zenergy has no representatives, employees, agents or salespeople who live or work in Georgia. *Id.* at ¶ 10. Zenergy has never registered to do business in the State of Georgia. *Id.* at ¶ 11. Zenergy does not currently use a website nor does Zenergy advertise, market, or solicit purchases from residents of <u>any</u> state. *Id.* at ¶¶ 5-13. Zenergy has never received any revenue; it has not sold anything, offered to

sell anything, or owned anything it could sell in Georgia or elsewhere. *Id.* Zenergy's operations and value are linked to the outcome of this lawsuit. *Id.*

Additionally, Zenergy has not "committed a tortious act or omission within the state." O.C.G.A. § 9-10-9(2). For Section (2) to apply, the act must occur <u>in this State</u>. *Jordan Outdoor Enters. Ltd. v. That 70's Store, LLC*, 819 F. Supp. 2d 1338. 1344 (M.D. Ga. 2011). As stated previously, Zenergy is a non-operational entity that has never solicited business or derived any revenue from <u>any</u> state. Jessop Dec. at ¶¶ 5-13. Zenergy does not even use a website at this time. *Id.* As such, Zenergy is not subject to jurisdiction under O.C.G.A. § 9-10-91(2). In fact, it is impossible for this non-active Wyoming company to have committed any acts, tortious or otherwise in the State of Georgia or elsewhere, because it has not undertaken any activities.

Further, Section (3) of the long-arm statute allows for the exercise of personal jurisdiction when a nonresident commits a tortious injury in Georgia caused by an act or omission outside of Georgia. O.C.G.A. § 9-10-91(3). However, this general conferral of jurisdiction is expressly limited by the unambiguous language of the statute, which requires that the nonresident "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue

from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3).

As a threshold matter, none of these express limitations of O.C.G.A. § 9-10-91(3) apply to Zenergy. Zenergy does not regularly (or irregularly) do or solicit business in Georgia. Jessop Dec. ¶¶ 5-13. Zenergy has not engaged in any persistent course of conduct in Georgia. *Id.* Zenergy has not derived substantial revenue from goods used or services rendered in Georgia. *Id.* As previously discussed, Zenergy does not solicit business, engage in any persistent course of conduct, or derive revenue in or from <u>any</u> state. *Id.* The only states that could subject Zenergy to personal jurisdiction are Wyoming, its state of incorporation, and possibly Utah, where its manager and member resides. *Id.*

Because none of the long-arm statute's provisions apply to these facts, the case should be dismissed.

### B. The Due Process Clause Bars the Exercise of Jurisdiction in this Case.

In addition to the Court's long-arm statute inquiry, the Court must enquire whether "there are sufficient minimum contacts. . . such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros*, 466 U.S. at 414. Some of the factors weighing into this consideration are "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's

interest in obtaining convenient and effective relief [and] the interstate judicial system's interest in obtaining the most efficient resolution of controversies." *Burger King Corp.*, 471 U.S. at 477. As explained above, Zenergy does not have sufficient minimum contacts with Georgia to allow the exercise of personal jurisdiction because Zenergy has no connections to Georgia. Even assuming it did, the exercise of such jurisdiction would violate traditional notions of fair play and substantial justice. *See Id.*

First, the burden on Zenergy to defend a lawsuit in Georgia is significant, as Zenergy is a Wyoming company based in Utah without an office or presence in Georgia. Second, Georgia is not the proper place for adjudicating a cause of action that did not arise in Georgia and involves conduct that did not occur in Georgia. Third, while it is understandable that Plaintiffs would prefer to adjudicate this dispute in Georgia (since Plaintiffs do business in Georgia), Plaintiffs' interest in obtaining relief in this Court is outweighed by the burden on Zenergy of having to litigate in Georgia. *See Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 113 (1987) (*quoting World-Wide Volkswagen*, 444 U.S. at 292 (citations omitted)). Given that Zenergy's contacts with Georgia are non-existent, the burden on Zenergy to defend this lawsuit in Georgia outweighs any interest Plaintiffs may have in obtaining relief in a forum that is convenient to

Plaintiffs. The same heavy burden faced by Zenergy would also fall on the witnesses, particularly non-party witnesses, most of whom are Utah or Arizona residents. Plaintiff may obtain the same relief in a court that possess jurisdiction over Defendants.

Therefore, exercise of jurisdiction in this State would violate traditional notions of fair play and substantial justice. There are simply no contacts between Zenergy and the State of Georgia. Indeed, there is no manner or sense in which Zenergy purposefully availed itself of the privilege of conducting activities within Georgia since Zenergy is a non-operational business entity, which has never transacted business of any kind in any state. Accordingly, the Court should dismiss this action against Zenergy.

## **Conclusion**

Because Zenergy has engaged in no activities that would subject it to personal jurisdiction in the State of Georgia, Zenergy respectfully request that the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction. Zenergy further request that the Court compel Plaintiffs to pay Zenergy the costs, including reasonable attorney's fees, it has incurred to defend this action. If Plaintiff wishes to sue Zenergy, it needs to do so in Wyoming or Utah, not in Georgia. A proposed Order is filed herewith.

Respectfully submitted this 16th day of October, 2015.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Attorney for Defendant Znergy Brands, LLC
2970 Peachtree Road, NW, Suite 530
Atlanta, Georgia  30305
Phone: (404) 201-2520
Facsimile: (404) 393-9710
david@lilenfeldpc.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INNOVATION MARKETING AND CONSULTING, LLC, <br> SIX DEGREES MARKETING, LLC, <br><br> Plaintiffs, <br><br> V. <br><br> HORIZON WHOLESALE, LLC, <br> ZENERGY BRANDS, LLC, <br> DANIEL M. BOWLES, DON JESSOP <br> JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO.: <br> 1:15-cv-3212-ELR |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading, on the date stated below, was filed with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to the following counsel of record:

Arthur W. Leach
Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, GA 30005
Art@ArthurWLeach.com

Joseph Paul Schilleci, Jr.
The Schilleci Law Firm, LLC
Suite 210
512 Montgomery Hwy
Birmingham, AL 35216
jps@schillecitortoricilaw.com

Dated:  October 16, 2015.

*/s/ David M. Lilenfeld*
*Attorney for Defendant Zenergy Brands, LLC*