## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **INNOVATION MARKETING AND CONSULTING, LLC, and SIX DEGREES MARKETING, LLC,** | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **CIVIL ACTION NO.: 1:15-CV-3212-ELR** |
| **HORIZON WHOLESALE, LLC, ZENERGY BRANDS, LLC, DANIEL M. BOWLES, DON JESSOP, JOHN DOES 1-10,** | ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ZENERGY BRANDS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW, the Plaintiffs, by and through the undersigned counsel of record and respond in opposition to Defendant, Zenergy Brands, LLC's ("Zenergy") Motion to Dismiss for Lack of Personal Jurisdiction. As explained, herein, contrary to the motion submitted by Zenergy, the Plaintiffs have sufficiently established through the Complaint and the attached information that Zenergy is subject to the jurisdiction of this Court. Therefore, Zenergy's motion must be denied.

I.      **<u>Standard of Proof.</u>**

In its Memorandum in Support of Motion to Dismiss, Zenergy principally argues that it lacks minimum sufficient contacts with the State of Georgia for this Court to exercise personal jurisdiction over it. In support of this argument, Zenergy submitted the Declaration of Don Jessop ("Jessop")[1] in which he asserts the following regarding Zenergy: (1) it has not yet become operational; (2) it has never received any revenue; (3) it has not sold anything, offered to sell anything, or owned anything to sell; (4) it does not transact business; (5) it has no employees, products, bank accounts, or personal or real property anywhere; (6) it does no marketing; and (7) it does not use a website.  However, as explained herein, the Plaintiffs contend that the evidence submitted by Zenergy through Jessop's Declaration is insufficient to controvert the Plaintiffs' allegations as to personal jurisdiction as asserted in the Complaint.

In *Kipperman v. Onex Corp.*, 2006 U.S. Dist. Lexis 96944 (N.D. Ga. 2006), the District Court for the Northern District of Georgia, Atlanta Division, provided an excellent summary of the elements it considers when determining whether personal jurisdiction over a non-resident defendant is proper:

> "For purposes of resolving a motion to dismiss for lack of personal jurisdiction, the court generally construes as true the Plaintiff's

---

[1] Interestingly, Jessop has submitted this declaration but has taken great efforts to avoid service of the Complaint upon him personally despite clearly having knowledge of the existence of the Plaintiffs' claims against him as an individual.

allegations supporting the existence of jurisdiction." *Parker v. Brush Wellman, Inc.*, 377 F. Supp.2d 1290, 1304 (N.D. Ga. 2005) (Story, J.); (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1998)). "[I]f the defendant controverts the plaintiff's allegations with evidence, the plaintiff, to survive the motion to dismiss, must produce evidence of his own to make a prima facie jurisdictional showing." Id. Where the court does not hold an evidentiary hearing on the matter, Plaintiff must only make a prima facie showing of jurisdiction. [*Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir.1994)]. A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict. Id. A federal court must have both statutory and constitutional authority to assert jurisdiction over a defendant. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S. Ct. 199, 2 L. Ed. 2d 223 (1957). In analyzing personal jurisdiction, the court must first determine whether a defendant is subject to jurisdiction under Georgia's long-arm statute. If so, the court must then determine if an assertion of jurisdiction would be constitutional. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

The Georgia Long-Arm Statute provides:

> A court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> . . .

> O.C.G.A. § 9-10-91(1-3) (2005).
>
> The court considers two factors when determining whether asserting personal jurisdiction over nonresident defendants would comport with due process. First, the court must decide whether the defendant has "minimum contacts" with the forum state, Georgia. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-474, 105 S.Ct. 2174, 85 L. Ed. 2d 528 (1985). To satisfy minimum contacts for the purposes of specific jurisdiction, the contacts must be (1) related to plaintiff's cause of action; (2) involve some act of "purposeful availment" by the defendant of the privileges of the forum; and (3) be such that the defendant should reasonably anticipate being "haled into court there." *Francosteel*, 19 F.3d at 627; *See also Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 746-48 (11th Cir. 2002). Second, the court must determine whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

*Kipperman* at \*\*14-16 (footnote omitted). It is under this framework that the Plaintiffs assert that this Court has statutory and constitutional authority to assert jurisdiction over Defendant, Zenergy in the present case.

## II. <u>Argument.</u>

### A. <u>Statutory Authority.</u>

As to the statutory requirements, the Plaintiffs have asserted in the Complaint that the Court may properly exercise personal jurisdiction over Zenergy pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91. (Complaint, ¶ 13). In this regard, the Plaintiffs contend that there is sufficient evidence to satisfy the applicable elements of subsections (1) through (3) of long-arm statute.

Under the requirements of O.C.G.A. § 9-10-91, the tortfeasor must have a sufficient level of contact with the forum state. In an effort to demonstrate that Zenergy does not have such sufficient contact with the State of Georgia, Jessop claims that Zenergy: (1) has never transacted business in Georgia (Jessop Declaration, ¶ 5); (2) Zenergy has not sold anything or received any revenue in Georgia (Jessop Declaration, ¶ 9); (3) has no representatives, employees, agents or salespeople in Georgia (Jessop Declaration, ¶ 10); (4) has never marketed or advertised in Georgia (Jessop Declaration, ¶ 12); and (5) has no website for Georgia residents to purchase products (Jessop Declaration, ¶ 13). However, in actuality, these statements are false.

Contrary to the statements contained in the Jessop Declaration, Zenergy is an operational business falsely advertising on various websites that Zenergy is the maker and distributor of dietary supplement products under the names SuperWang male enhancement capsules, ZeNRG energy capsules, and ZeNRG liquid energy shots. As asserted in the Complaint to this lawsuit, the Plaintiffs are the true owners of these trademarks and associated dietary supplement products. Although Zenergy alleges in its motion that the websites zenergyvibe.com and zenrgvibe.com do not belong to Zenergy, a cursory review of the sites reveals otherwise.

SuperWang and ZeNRG dietary supplement products are currently available for sale within the State of Georgia. First, these products are available for purchase through the zenergyvibe.com and zenrgvibe.com websites that are easily accessible within Georgia. *See* attached the Declaration of John Wilhoite at Exhibit A and website screen shots attached hereto as Exhibit B.  In addition, the Home page and About Us pages found on both websites reference the company making and selling the products as Zenergy, LLC, not Horizon Wholesale as alleged by Jessop.[2] Exhibit B.  According to these webpages, "**Zenergy** is one of the most cutting edge product providers dedicated to providing you with the highest quality, most effective products in each category at an extremely competitive price." (Exhibit B). (Emphasis added).  In addition to the websites, the products are currently available for retail purchase within Georgia.  Exhibit A and B. In fact, it appears that the products have been sold in Georgia as late as October 29, 2015. Exhibit A and B.  As shown on the product labels found on these purchased products, Zenergy is identified as the producer of such products.

In addition to the above, it also appears from these webpages that Zenergy hires "affiliates" to act as online sales people for 5% commission in the sales of SuperWang, and ZeNRG products in the State of Georgia.  Exhibit A, B. Moreover, these salespersons have telephones numbers with Georgia area codes

---

[2] The Plaintiffs will be amending the Complaint to specifically name Zenergy, LLC as a party defendant, in addition to the defendants that are currently named.

and have been assigned specifically to the Georgia market for the purpose of selling products SuperWang and ZeNRG sold as Zenergy products into Georgia. *Id*. In this regard, Jessop has sent emails to these salespersons confirming sales within the State of Georgia. Exhibit B. Finally, Jessop has contacted contract manufacturers for the dietary supplement products within the State of Georgia to inquire about the formula and manufacturing process for the referenced products. Exhibit C.

The foregoing evidence provides more than sufficient grounds for the Court to exercise personal jurisdiction over Zenergy under O.C.G.A. § 9-10-91(1) as clearly Zenergy is transacting business within the State of Georgia in direct contradiction to the testimony of Jessop. Furthermore, personal jurisdiction may be exercised over Zenergy under O.C.G.A. § 9-10-91(3) as Zenergy is causing tortious injury to the Plaintiffs by deriving revenue from the sales of SuperWang and ZeNRG within the State of Georgia. Finally, with regard to O.C.G.A. § 9-10-91(2), the Plaintiffs have alleged that Zenergy, individually or as part of a conspiracy with the other Defendants, has engaged in various tortious acts against the Plaintiffs within the State of Georgia, including, violations of Georgia's Racketeer Influenced and Corrupt Organizations Act, tortious interference with business relations and conversion of property belonging to the Plaintiffs. *See* Complaint. Accepting these facts, along with the information contained herein, as

true and construing all evidence in favor of the Plaintiffs, it is clear that Zenergy has committed the alleged tortious activity within the State of Georgia. Furthermore, even assuming that Zenergy could establish that such activity occurred outside of Georgia, it cannot be disputed that the resulting injury to the Plaintiffs occurred in Georgia. Thus, there is sufficient evidence at this stage of the lawsuit for the Court to exercise personal jurisdiction over Zenergy pursuant to O.C.G.A. § 9-10-91(2).

### B.  Constitutional Authority.

In addition to having statutory authority to exercise personal jurisdiction over Zenergy, this Court also has constitutional authority to exercise such personal jurisdiction in the present matter.  It seems clear from the evidence, including, but not limited to, the sales within Georgia, the sales staff within Georgia, and the email communications sent into Georgia by Jessop and others on behalf of Zenergy (Exhibit B), that Zenergy Brands has minimum sufficient contacts with the forum State of Georgia to exercise jurisdiction. In this regard, by engaging in such commerce within Georgia, Zenergy has purposefully availed itself of the privileges of Georgia.  Under such circumstances, it should only be reasonable to anticipate that Zenergy would be "haled into court" in Georgia for any number of issues that may relate to the commercial activities in the state.  Based on the foregoing factors,

the Plaintiffs contend that Zenergy does indeed have minimum contacts with Georgia so as to allow this Court to exercise personal jurisdiction over it.

Finally, as stated by the *Kipperman* court, the Court must determine whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice under the standards set forth in *International Shoe*. *See Kipperman* at * 16. Certainly it is fair and just that Zenergy should be subject to this Court's jurisdiction considering its extensive and admitted business activity within the State of Georgia as described herein.

> **C.    The Plaintiffs have established Prima Facie Evidence for this Court to Properly Exercise Personal Jurisdiction over Zenergy.**

As stated in *Kipperman*, *supra*, "if the defendant controverts the plaintiff's allegations with evidence, the plaintiff, to survive the motion to dismiss, must produce evidence of his own to make a prima facie jurisdictional showing." *Kipperman*, at * 14. The Plaintiffs contend that Zenergy has not controverted the allegations in the Complaint in that the only evidence offered by Zenergy is the Declaration of Jessop that is clearly contradicted by the facts set forth herein. Nevertheless, even if the Court were to find that Zenergy had sufficiently controverted the subject claims, the Plaintiffs assert that they have more than set forth sufficient evidence to establish a prima facie case to defeat a motion to

9

dismiss. *Id*. Consequently, Zenergy's motion to dismiss for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2) is due to be denied.

### III. Conclusion.

For all the reasons stated herein, it is clear that the Motion to Dismiss submitted by Zenergy must be denied.

Respectfully submitted this the 30th day of October, 2015.

/s/ *Joseph P. Schilleci, Jr.*
Joseph P. Schilleci, Jr.
(Pro Hac Vice)
Schilleci & Tortorici, P.C.
2821 2nd Avenue South, Suite E
Birmingham, Alabama 35233
Telephone: (205) 978-4211
Facsimile: (205) 978-4212
Email: jps@schillecitortoricilaw.com


/s/ *Arthur W. Leach*
Arthur W. Leach
Georgia Bar No. 442025
5780 Windward Pkwy, Suite 225
Alpharetta, Georgia 30005
Telephone: (404) 786-6443
Email: art@arthurwleach.com

Attorneys for the Plaintiffs

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1(D)**

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that this Complaint was prepared in Microsoft Word using 14 point Times New Roman font.

Respectfully submitted this the 30th day of October, 2015.

/s/ *Joseph P. Schilleci, Jr.*
Joseph P. Schilleci, Jr.
(Pro Hac Vice)
Schilleci & Tortorici, P.C.
2821 2nd Avenue South, Suite E
Birmingham, Alabama 35233
Telephone: (205) 978-4211
Facsimile: (205) 978-4212
Email: jps@schillecitortoricilaw.com


/s/ *Arthur W. Leach*
Arthur W. Leach
Georgia Bar No. 442025
5780 Windward Pkwy, Suite 225
Alpharetta, Georgia 30005
Telephone: (404) 786-6443
Email: art@arthurwleach.com

Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed with the Clerk of the Court using the CM/ECF which automatically sends electronica notification and a service copy of such filing to the following counsel of record.

David M. Lilenfeld, Esq.
2970 Peachtree Road, NW, Suite 530
Atlanta, Georgia 30305

/s/ *Joseph P. Schilleci, Jr.*
OF COUNSEL