IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INNOVATION MARKETING AND CONSULTING, LLC, SIX DEGREES MARKETING, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | CIVIL ACTION NO.: 1:15-cv-3212-ELR |
| HORIZON WHOLESALE, LLC, ZENERGY BRANDS, LLC, DANIEL M. BOWLES, DON JESSOP JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT ZENERGY BRANDS, LLC'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

Much like Plaintiffs' approach to its Complaint, Plaintiffs' strategy in opposing Defendant's Motion to Dismiss is to throw unsupported allegations at the wall and see if anything sticks. Unfortunately for Plaintiffs' their allegations are entirely unsubstantiated. Plaintiffs' have provided no evidence to support a finding of personal jurisdiction over Defendant Zenergy Brands, LLC ("Zenergy"). In fact, all of the evidence provided by Plaintiffs supports Zenergy's request for this Court to dismiss the present action as to Zenergy for lack of personal jurisdiction.

Therefore, Plaintiffs' have failed to satisfy their burden and Plaintiffs' Complaint must be dismissed as to this Defendant.

## I. <u>Citation of Authority</u>

### A. Plaintiff Has The Burden of Proof

On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir.2006) (*citing Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir.2002)); *Goforit Entm't LLC v. Digimedia.com L.P.*, 513 F.Supp.2d 1325, 1328 (M.D.Fla.2007). *See also Oldfield v. Pueblo De Bahia Lora*, S.A., 558 F.3d 1210, 1217 (11th Cir.2009) ("It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present."). "A prima facie case [of personal jurisdiction] is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Stubbs*, 447 F.3d at 1360 (*citing Meier*, 288 F.3d at 1269).

"Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Diamond Crystal Brands, Inc. v. Food*

*Movers Int'l*, 593 F.3d 1249, 1257 (l1th Cir. 2010) (citations and quotations omitted); *see also Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1369 (N.D. Ga. 2009); *Hi-Tech Pharmaceuticals, Inc. v. Demelo*, 2009 WL 901156, at *2 (ND. Ga. Mar. 31, 2009).

Thus, as Zenergy has moved to dismiss for lack of personal jurisdiction and has provided evidence (the Affidavit of Don Jessup), the burden shifts to Plaintiffs to prove that the exercise of personal jurisdiction over Zenergy complies with Georgia's Long-Arm Statute and the Due Process Clause of the Fourteenth Amendment. As explained in the following sections, this is a burden Plaintiffs have not met.

### B. Determination of Personal Jurisdiction

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts." *Alexander Proudfoot Co. World Headquarters v. Thyayer,* 877 F.29 912, 919 (11th Cir. 1989). First, courts must look at the state long-arm statute and then determine "whether or not sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *Id.* "Only if both prongs of the analysis are

satisfied may a federal . . . court exercise personal jurisdiction over a nonresident defendant." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir, 1990).

Additionally, to be subject to jurisdiction a defendant must be found to have "deliberately … engaged in significant activities within a State or … created continuing obligations between himself and residents of the forum, [and that] he manifestly has availed himself of the privilege of conducting business there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). "This purposeful availment requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, of the unilateral activity of another party or a third person." *Id.* at 475. Accordingly, the out-of-state defendant must "purposefully direct" its conduct towards residents of the forum state to be subject to its jurisdiction. *Id.*

## II. Argument

### A. Zenergy is not subject to personal jurisdiction in Georgia because Zenergy has never conducted business in Georgia and Plaintiffs' have failed to satisfy their burden or provide evidence to the contrary

Plaintiffs have failed to provide evidence which supports this Court's assertion of personal jurisdiction over Zenergy. In fact, all evidence demonstrates that Zenergy is a non-operational entity that has not done business in <u>any</u> state, let alone in the State of Georgia. *See* O.C.G.A. § 9-10-9(1). *See also* Dkt. No. 11-2 at

¶¶ 5-13.  Plaintiffs' base their Opposition to Zenergy's Motion to Dismiss on three unsupported allegations, namely that: (1) Zenergy operates the websites zenergyvibe.com and zenrgvibe.com [Dkt. No. 12 at 5-6], (2) Zenergy sells product in the State of Georgia [Dkt. No. 12 at 6-7], (3) Zenergy "hires 'affiliates' to act as online sales people…in the State of Georgia" and solicits business in the State of Georgia [Dkt. No. 12 at 6-7].  However, these statements are not only wholly unsubstantiated, they conflate two separate and independent companies.

### i. **Zenergy does no marketing and does not own or operate a website.**

Plaintiffs' allegation that Zenergy is transacting business in the State of Georgia through the use of websites is false.  In support of their allegations, Plaintiffs point to two websites that utilize the word "zenergy" in their domain name, specifically: zenergyvibe.com and zenrgvibe.com.  [Dkt No. 12 at 6; Dkt. No 12-2 and 12-3].  These websites appear to sell the disputed products (i.e., SuperWang male enhancement capsules, ZeNRG energy capsules, and ZeNRG liquid energy shots).  [Dkt. No 12-2].  However, the existence of domain names utilizing the word "zenergy" neither demonstrates that the websites are owned by Zenergy nor that Zenergy is doing business in Georgia.  Moreover, Defendant Zenergy already addressed this issue it its Motion to Dismiss.  *See* Mot. Dismiss at 2, fn. 1.

As previously stated, Zenergy does not have or operate a website. *See* Mot. Dismiss at 2; *see also* Dkt. No. 11-2 at ¶¶ 5-13. Defendant Horizon Wholesale, LLC owns and operates the websites found at those two domain names (zenergyvibe.com and zenrgvibe.com). *See* Mot. Dismiss at 2, fn. 1. Defendant Zenergy brought this issue specifically to the Court's attention in its Motion to Dismiss in order to avoid the exact confusion that Plaintiffs are now attempting to create. *See id.* While Plaintiffs try to muddle the facts, conflate the affairs of two separate entities, and cast doubt on the information contained in Declaration of Don Jessop, they have provided no *evidence* that would raise a dispute as to the veracity of the Declaration of Don Jessop or the facts contained in Zenergy's Motion to Dismiss.

The websites found at zenergyvibe.com and zenrgvibe.com continue to be owned and operated by Horizon Wholesale, LLC. *See id. See also* Dkt. No. 11-2 at ¶¶ 5-13. These websites sell products exclusively distributed by Horizon Wholesale, LLC and are not related to Zenergy. *See* Dkt. No. 11-2 at ¶¶ 5-13*; see* Exhibits A-D; *see also* Docket 12-3 and 12-4. This fact is supported by Plaintiffs' own documents which include advertising for the products sold on said websites that explicitly indicates that these products are exclusively distributed by Horizon Wholesale, LLC, <u>not</u> Zenergy. *See* Docket 12-3; s*ee also* Exhibits A and B. As

such, the existence of these websites is completely immaterial to the question of personal jurisdiction over Zenergy.

### ii. **Zenergy has never derived revenue from any state.**

Plaintiffs suggest that Zenergy transacts business within the State of Georgia. Plaintiff does this by providing evidence of products being sold by *Defendant Horizon Wholesale, LLC*. *See* Dkt. No. 12 at 6-7; *see also* Exhibit B. Such evidence is completely irrelevant to whether this Court may assert personal jurisdiction over Defendant Zenergy. The sale of products by Defendant Horizon Wholesale, LLC does not demonstrate that *Zenergy* is transacting business. Instead, Plaintiffs' evidence suggests that Defendant Horizon Wholesale, LLC (a separate entity and separate Defendant) is transacting business, a point that is not currently in dispute and not material to *Zenergy's* Motion to Dismiss.

Despite Plaintiffs' attempt to blur the issue, nothing provided by Plaintiffs contradicts Zenergy's non-operational status. The existence of pricing information for Horizon Wholesale, LLC's products and correspondence by agents and/or sales personnel of Horizon Wholesale do not demonstrate that *Zenergy* is conducting business in Georgia or otherwise. *See* Exhibit B. Such information merely adds red herrings to a straight forward issue. As formerly mentioned, Zenergy Brands, LLC was formed for the purpose of owning the disputed trademarks SUPERWANG and

ZENERGY.  *See* Dkt. No. 11-2 at ¶¶ 5-7.  Those trademarks are the subject of the dispute between the parties.  *See* Dkt. No. 1.  Since there is a cloud hovering above the trademarks, Zenergy has not commenced any business.  *See* Dkt. No. 11-2 at ¶¶ 5-13.  Zenergy's usefulness as a company depends wholly on the outcome of this litigation.  *See* Dkt. No. 11-2 at ¶¶ 5-13.

Zenergy has never received any revenue; it has not sold anything, offered to sell anything, or owned anything it could sell; Zenergy does not have a bank account with <u>any</u> financial institution.  *See* Dkt. No. 11-2 at ¶¶ 5-13.  As indicated from the checks, credit card statements, and product invoices attached hereto as Exhibit C, all transactions related to the disputed products have been performed by Defendant *Horizon Wholesale, LLC* (not Defendant *Zenergy*) and all payments related to these products are processed by *Horizon Wholesale, LLC* (not Defendant *Zenergy*).  Since Zenergy has yet to perform any activities or derive revenue from any state, Zenergy cannot possibly be subjected to personal jurisdiction under O.C.G.A. § 9-10-91.

### iii. **<u>Zenergy does not have any employees or sales personnel and does not solicit business in Georgia.</u>**

Additionally, Zenergy has never solicited business from any state, including Georgia.  *See* Dkt. No. 11-2 at ¶¶ 5-13.  In an attempt to contradict this assertion, Plaintiffs again provide evidence related to Horizon Wholesale, LLC.  Particularly, Plaintiffs' reference an email from "Emily" at Horizon Wholesale reminding

customers to make purchases before holiday pricing; a Horizon Wholesale, LLC Product Price Guide; emails from Don Jessop (a member of Horizon Wholesale) related to product information; and copies of Horizon Wholesale, LLC's Wholesale Information Forms.  *See* Dkt. No. 12 at 6-7; *see also* Exhibit D.  Such information is entirely irrelevant to Zenergy's Motion to Dismiss and does not indicate that *Zenergy* is doing business in Georgia.  Horizon Wholesale, LLC, which has recently been served with process in this lawsuit, is a separate and distinct entity from Zenergy.  The activities of Horizon Wholesale, LLC have no bearing on this Court's assertion of jurisdiction over Zenergy.

*Zenergy* does not "transact any business within the state" since Zenergy does not transact any business at all.  *See* O.C.G.A. § 9-10-9(1).  *See also* Dkt. No. 11-2 at ¶¶ 5-13.  *Zenergy* has no representatives, employees, agents or salespeople who live or work in Georgia.  *See* Dkt. No. 11-2 at ¶ 10.  *Zenergy* has never registered to do business in the State of Georgia.  *Id.* at ¶ 11.  *Zenergy* does not advertise, market, or solicit purchases from residents of any state.  *Id.* at ¶¶ 5-13.

## Conclusion

Because Zenergy has engaged in no activities that would subject it to personal jurisdiction in the State of Georgia, and Plaintiffs have failed to provide evidence to support this Court's jurisdiction, Zenergy respectfully request that the Court grant

its Motion to Dismiss for Lack of Personal Jurisdiction. Zenergy further request that the Court compel Plaintiffs to pay Zenergy the costs, including reasonable attorney's fees, it has incurred to defend this action. If Plaintiff wishes to sue Zenergy, it needs to do so in Wyoming or Utah, not in Georgia.

Respectfully submitted this 16th day of November, 2015.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Attorney for Defendant Znergy Brands, LLC
2970 Peachtree Road, NW, Suite 530
Atlanta, Georgia 30305
Phone: (404) 201-2520
Facsimile: (404) 393-9710
david@lilenfeldpc.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INNOVATION MARKETING AND CONSULTING, LLC, <br> SIX DEGREES MARKETING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON WHOLESALE, LLC, <br> ZENERGY BRANDS, LLC, <br> DANIEL M. BOWLES, DON JESSOP <br> JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO.: <br> 1:15-cv-3212-ELR |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading, on the date stated below, was filed with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to the following counsel of record:

Arthur W. Leach
Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, GA 30005
Art@ArthurWLeach.com

Joseph Paul Schilleci, Jr.
The Schilleci Law Firm, LLC
Suite 210
512 Montgomery Hwy
Birmingham, AL 35216
jps@schillecitortoricilaw.com

Dated:  November 16, 2015.

*/s/ David M. Lilenfeld*
*Attorney for Defendant Zenergy Brands, LLC*