IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INNOVATION MARKETING AND CONSULTING, LLC, SIX DEGREES MARKETING, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | CIVIL ACTION NO.: 1:15-cv-3212-ELR |
| HORIZON WHOLESALE, LLC, ZENERGY BRANDS, LLC, DANIEL M. BOWLES, DON JESSOP JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS DANIEL M. BOWLES AND DON JESSOP'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Disclosure:

*Defendant Daniel M. Bowles and Don Jessop have been properly identified.*

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

<u>Disclosure</u>:

*None.*

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

<u>Disclosure</u>:

*Defendants Daniel M. Bowles and Don Jessop ("Defendants") have not yet filed an Answer (including defenses and/or counterclaims) to Plaintiffs' Complaint. Defendants' pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is based on the fact that this Court lacks personal jurisdiction over Defendants. Specifically, Defendants are not residents, citizens, or regular inhabitants of Georgia. Defendants do not own real estate or personal property in the State of Georgia. While Bowles has visited Georgia twice, he has never resided in or regularly inhabited the State of Georgia. Bowles travelled to Georgia for business one time to consult with a supplier; however, no business transactions transpired on that trip. Moreover, Jessop has never travelled to Georgia for any reason.*

*In the event that Defendants' Motion to Dismiss is denied, Defendants expect to defend at least on the basis of non-infringement, senior use, rightful ownership of the disputed marks, and to assert affirmative defenses as well as equitable defenses such as laches and estoppel. Defendants expressly reserve the*

*right to supplement their initial disclosures to provide a detailed factual basis for all such defenses, at that time.*

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

<u>Disclosure</u>:

*Defendants rely on Georgia and Federal law related to Plaintiffs' causes of action. In particular:*

- Fed. R. Civ. P. 12(b)(2)
- O.C.G.A. § 9-10-91
- *Alexander Proudfoot Co. World Headquarters v. Thyayer,* 877 F.29 912, 919 (11th Cir. 1989).
- *Imageline Inc. v. Fotalia LLC*, 663 F.Supp.2d 1367 (2009).
- *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).
- *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).
- 15 U.S.C. §1114
- 15 U.S.C. § 1125
- 15 U.S.C. § 1117

- 15 U.S.C. § 1118

- O.C.G.A. § 23-2-55 (Trademark Infringement)

- O.C.G.A. § 10-1-370, *et seq.* (Deceptive Trade Practices)

- O.C.G.A. § 23-2-55

- O.C.G.A. § 10-1-440, *et seq.*

- *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 (11th Cir.1984)

- *Amstar Corp. v. Domino's Pizza, Inc*., 615 F.2d 252, 258 (5th Cir. 1980)

- *Jellibeans, Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833, 840 (11th Cir. 1983)

- *E. Remy Martin & Co. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1531 (11th Cir.1985)

- *Frehling Enters., Inc. v. International Select Group. Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999)

- O.C.G.A. § 16-14-1, *et seq.*

- O.C.G.A. § 16-8-2, *et seq.*

- O.C.G.A. § 16-14-1, *et seq.*

- 18 U.S.C. § 1961

- *OnBrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141 (Ga. Ct. App. 2009) (Tortious Interference with Business Relations)

- 18 U.S.C. § 1341

- 18 U.S.C. § 1343

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

Disclosure:

*See Attachment A.  Defendants reserves the right to supplement this response.*

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Disclosure:

*Defendants have not yet retained an expert.  Defendants reserve the right to supplement this response.*

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

Disclosure:

*See Attachment C.  Defendants reserve the right to supplement this response.*

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

<u>Disclosure</u>:

*Defendants do not claim damages at this time. Defendants reserves the right to supplement this response.*

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

<u>Disclosure</u>:

*N/A.*

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

<u>Disclosure</u>:

*Defendants are not aware of any such insurance policy at this time. Defendants reserve the right to supplement this response.*

Respectfully submitted this 21st day of December, 2015.

**LILENFELD PC**

*/s/David M. Lilenfeld*
David M. Lilenfeld (Georgia Bar # 452399)
Robin L. Gentry (Georgia Bar #289899)
Kaitlyn A. Dalton (Georgia Bar #431935)
Buckhead Centre
2970 Peachtree Road N.W., Suite 530
Atlanta, Georgia 30305
Telephone: (404) 201-2520
Facsimile: (404) 393-9710
David@lilenfeldpc.com
Robin@lilenfeldpc.com
Kaitlyn@lilenfeldpc.com

*Attorneys for Defendants*

## ATTACHMENT A

| Name | Contact Information | Information |
|---|---|---|
| Don Jessop | Mr. Jessop may be contacted through undersigned counsel. | Mr. Jessop is likely to have discoverable information regarding registration of the Marks, use of the Marks, ownership of the Marks, the relationship between Plaintiffs and Defendants, Plaintiff and Defendants' business practices, and Defendants' defenses |
| Daniel Bowles | Mr. Bowles may be contacted through undersigned counsel | Mr. Bowles is likely to have discoverable information regarding registration of the Marks, use of the Marks, ownership of the Marks, the relationship between Plaintiffs and Defendants, Plaintiff and Defendants' business practices, and Defendants' defenses |
| John Wilhoite |  | Mr. Wilhoite is expected have discoverable information relating to Plaintiff's business practices, Plaintiffs' claims, alleged damages to Plaintiffs as well as Defendants' defenses. |
| Employees and/or agents of |  | Employees and/or |

| | | |
|---|---|---|
| Plaintiff Innovation Marketing and Consulting, LLC to be identified | | agents of Plaintiff Innovation Marketing and Consulting, LLC are likely to have information related to Plaintiff's business practices, Plaintiffs' claims, alleged damages to Plaintiffs as well as Defendants' defenses. |
| Employees and/or agents of Plaintiff Six Degrees Marketing, LLC to be identified | | Employees and/or agents of Plaintiff Innovation Marketing and Consulting, LLC are likely to have information related to Plaintiff's business practices, Plaintiffs' claims, alleged damages to Plaintiffs as well as Defendants' defenses. |
| Employees and/or agents of Defendant Horizon Wholesale, LLC to be identified | | Employees and/or agents of Defendant Horizon Wholesale are likely to have discoverable information regarding the relationship between Plaintiffs and Defendants, Defendants' business practices, and Defendants' defenses |

# ATTACHMENT C

1. Invoices from Plaintiffs for marketing and consulting services rendered to Defendants.

2. Email communications between Plaintiffs and Defendants.

3. Email communications between Horizon Wholesale, LLC and trademark attorney Brian Gibbons.

4. Documents related to the business relationship between Plaintiffs and Defendants.

5. Documents related to the trademarks ZeNRG, Zenergy, Superwang, Superbang, and Supertang

6. Documents related to the trademark SuperWang, U.S. Reg. No. 4,574,618.

7. Documents related to the trademark Zenergy, Serial No. 86015779.

8. Documents related to the trademark ZeNRG, Serial No. 85962091.

9. Documents related to the trademark SUPER WANG, Serial No. 86400750.

10. Documents related to the trademark ZENRG, Serial No. 86400740.

11. Documents reflecting Defendant Horizon Wholesale, LLC's goods and services.

12. Documents related to the packaging of Defendant Horizon Wholesale, LLC's goods.

13. Documents reflecting Plaintiffs' goods and services.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INNOVATION MARKETING AND CONSULTING, LLC, SIX DEGREES MARKETING, LLC,  )<br><br>Plaintiffs,  )<br><br>V.  )<br> )<br>HORIZON WHOLESALE, LLC, ZENERGY BRANDS, LLC, DANIEL M. BOWLES, DON JESSOP JOHN DOES 1-10,  )<br><br>Defendants.  ) | CIVIL ACTION NO.:<br>1:15-cv-3212-ELR |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **DEFENDANTS DANIEL M. BOWLES AND DON JESSOP'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to all counsel of record.

This 21st day of December, 2015.

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
david@lilenfeldpc.com

*Attorney for Defendants*